

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2010

# Daniel Oriakhi v. Michael Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Daniel Oriakhi v. Michael Carroll" (2010). *2010 Decisions.* Paper 1768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-138                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4375
_____

DANIEL ORIAKHI,
                                        Appellant
v.

MICHAEL W. CARROLL, Unit Manager; WILLIAM LANGEHENNIG, Case Manager;
MS. BROSSAD, Case Manager Coordinator (CMC); MR. ODOM, Captain; MR. PENA,
Captain; MS. ALEXANDRA, Associate Warden; CHARLES E. SAMUELS, JR.,
Warden; et al.; CLAUDE MAYE, Associate Warden; LAUREANO REYES, Prisoner
#63855-053

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01444)
District Judge:  Honorable Renée M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 4, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 8, 2010)
_____

OPINION
_____

PER CURIAM

Daniel Oriahki appeals the District Court's order dismissing his civil rights

complaint. For the reasons below, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The procedural history of this case and the details of Oriahki's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Oriahki alleged that prison officials kept him in segregation from April 2007 until October 2007 after he had a fight with a cellmate whom he believed had stolen his legal books. Oriahki alleged that appellee Langehennig did not inventory his personal effects and handcuffed him too tightly. He complained that while in segregation he did not receive legal mail related to a habeas case.

Because Oriahki is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under §1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We first address Oriahki's claim that his prolonged detention violated his rights to due process. In order to demonstrate a violation of the right to procedural due process, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property; and (2) that the deprivation occurred without due process of law. Burns v. PA Dept. of Correction, 544 F.3d 279 (3d Cir. 2008). In Sandin v. Conner, 515 U.S. 472,

2

484 (1995), the Supreme Court held that in a prison setting, protected liberty interests are generally limited to freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." We have held that exposure to the conditions of administrative custody, even for periods as long as 15 months, "falls within the expected parameters of the sentence imposed [on a prisoner] by a court of law." Griffin v. Vaughn, 112 F.3d 703, 707 (3d Cir. 1997). Here, Oriahki was only in segregation for seven months. Thus, his allegations fail to state a claim for the denial of due process.

As for his claim that he was denied access to the courts, Oriahki has not alleged any actual injury related to appellees' alleged failure to deliver his legal mail. See Lewis v. Casey, 518 U.S. 343, 351 (1996). We agree with the District Court that his claim of retaliation is without merit and that appellees are immune from Oriahki's claim for the failure to inventory his property. See Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008). The District Court correctly declined jurisdiction over Oriahki's state law claims.

For the above reasons, as well as those set forth by the District Court, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).